# CASES DETERMINED

# SUPREME COURT OF JUDICATURE

OF THE

STATE OF NEW-JERSEY,

AT APRIL TERM, 1849.

---

## HALSTED, ORDINARY, v. FOWLER ET AL.

---

1. In a suit on a bond given to the ordinary by a guardian or administrator, it is not error to insert the name of the person who is ordinary as plaintiff, before the words "The ordinary," &c.: the name is mere surplusage, if correctly given, but it may in some cases embarrass the suit.

2. The most correct and safe mode, however, is to bring the suit in such case in the name of office alone, i. e., "The ordinary of the state of New Jersey."

---

In debt on demurrer to declaration.

The declaration in this case was in the usual form of declarations upon bonds where the breaches are not assigned. It commenced, after the recital of *venue* in the margin, as follows: "Oliver S. Halsted, the ordinary of the state of New Jersey, which said ordinary is the plaintiff in this suit," and demands the sum of $12,000, the penalty on the bond "which to him they owe, and from him unjustly detain." It states that the defendants acknowledged themselves to be bound "unto the said the ordinary of said state of New Jersey" in the said sum, "to be paid to the said ordinary." The breach recites the non-payment of the said sum "to the said ordinary," "to the damage of the said plaintiff," &c.

48

The defendants, having craved oyer of the bond, have put in a special demurrer to the declaration, reciting therein the bond and its condition, from which it appears that the defendants bound themselves " unto the ordinary of said state " in the sum aforesaid, " to be paid to the said ordinary, or to his successor in office," dated February 3, 1846. The condition is as follows ; " Whereas, at an Orphans' Court held this day in and for the county of Sussex aforesaid, the above bounden Samuel Fowler was by the said court appointed guardian of the person and estate of Rebecca Fowler, a minor over the age of fourteen years, one of the children of Doct. Samuel Fowler, deceased, until she attains the age of twenty-one years, as appears by the order of appointment of said court, entered upon record. Now the condition of the above obligation is such, that if the said Samuel Fowler shall faithfully execute the said office of guardian as aforesaid, then the above obligation to be void, else to remain in full force and virtue."

The causes of demurrer are in these words : " That the said defendants are called upon to answer unto Oliver S. Halsted, ordinary of the state of New Jersey, when, by their bond, they are held and firmly bound unto the ordinary of the state of New Jersey. And as the said bond upon which the action is brought is given to the ordinary of the state of New Jersey, therefore the said plaintiff has no legal right to commence an action thereon, but that the same should be brought in the name of the said " ordinary of the state of New Jersey ;" and also, that the said declaration is in other respects uncertain, unusual, and insufficient."

Argued before the CHIEF JUSTICE, and CARPENTER and RANDOLPH, Justices. *McDonald*, for plaintiff.

GREEN, C. J., delivered the opinion of the court.

This action is brought upon a guardianship bond given to the ordinary of the state, by his official title, and payable " to the said ordinary, or to his successors in office." The bond is dated on the 3d of February, 1846, after the adoption of the present constitution and before the revised statutes of 1846 went into operation. The statute in force at the date of the bond directed that guardians should enter into bond " to the

governor, or ordinary of the state," the governor at the time the law was enacted being *ex officio* ordinary. The present constitution having separated the two offices, the bond was properly given to the ordinary, in whom, and in his surrogate, the appointment of guardians is vested by the statute.

The only ground of demurrer is, that the bond was given to the ordinary by his official title, and that the action upon it is brought in the name of O. S. H., ordinary, &c., both in his individual name and in his name of office. The declaration avers that the bond was given to the ordinary, and that O. S. H. is the ordinary. There is, therefore, no pretence of variance between the pleading and the instrument declared upon, as by possibility there might have been, had the declaration averred that the bond was made to O. S. H., ordinary, when in fact it was made simply to the ordinary. Nor is it denied, that in point of fact O. S. H. is the ordinary, nor even that he was ordinary at the time the bond was given. The whole objection consists simply in this, that the action is brought in the individual name of the ordinary as well as in his name of office ; and the principle contended for is, that an action upon such bond must be brought in the official name, alone, of the officer, and that it is vitiated by the use of his individual name.

The only authority cited in support of this position is the case of *The Ordinary* v. *Updike*, 2 *Green* 270. In that case the action was upon an administration bond, given to I. H. W., ordinary or surrogate general, to be paid to the said I. H. W., late ordinary. The ground of demurrer was, that it should have been in the name of the ordinary for the time being. The court held that the bond should have been drawn to the ordinary or surrogate general, by his name of office, pursuant to the terms of the statute ; but that the individual name and the words "successors or assigns" were mere surplusage, and the bond a valid bond to the ordinary. They also held that the right of action upon the bond was in the officer by his official title, and, as a necessary consequence, that the action was erroneously brought in the name of I. H. W., late ordinary. The pleader had treated the bond as given to the individual, regarding the official title as mere *descriptio personæ*, and had

Halsted, Ordinary v. Fowler et al.

therefore brought the suit in *his* name, though out of office The court held that the bond appertained to the office, and that therefore the suit must be in the name of the incumbent. It is true that they directed the individual name of the officer to be stricken out as superfluous, holding that the action might be brought by the officer by his official title alone, but they did not decide that the proceeding would have been vitiated by adding the individual name of the officer to his name of office: nor am I aware of any principle upon which such decision could be sustained.

Prior to the decision in the case of *The Ordinary* v. *Updike*, it was supposed that the individual name of the ordinary *must* be used, and that the action could not be sustained in the name of the ordinary alone. It is worthy of remark, notwithstanding what was said by the court in *The Ordinary* v. *Updike*, that both administrators' and guardians' bonds from a period nearly coeval with the settlement of the state, had been given to the officer almost uniformly in his individual name, as well as by his name of office. Our reports show that actions upon such bonds had been as uniformly brought in the same form. *Coxe* 42; 1 *South.* 314; 1 *Halst.* 195; 5 *Halst.* 35, 65; 1 *Green* 3; 2 *Green* 270, 479.

In *Livingston* v. *Combs*, *Coxe* 42, the bond was made to William Franklin, governor. The suit was brought in the name of William Livingston, governor, &c., and the objection was taken, that being made to Franklin, governor, no suit could be maintained upon it in the name of Livingston, governor. The court held that the bond was taken by the governor in his official capacity, payable to his successors, and overruled the objection. There was no suggestion, even, that the use of the individual name in the suit vitiated the proceedings.

In the case of *The Bishop of Carlisle et al.* v. *Wells*, 2 *Lev.* 162, the action was upon a guardian's bond, given to the bishop and his commissary. It was objected that the bond should have been to the king, or to the bishop alone, and of that opinion was Hale, but the court inclined to hold the bond good. It does not appear by the report in what names the bond was given or the action brought. If given to the bishop by his of-

ficial title, and the action brought in that form, as seems to have been the case, it could scarcely have been given to his commissary in that form, and it would seem must have been in his individual name.

Since the decision of this court in *The Ordinary* v. *Updike*, settling the propriety of suing in the name of the ordinary alone, the practice of using the individual name of the officer is perhaps not to be commended. It may expose the pleader to the hazard of some of the embarrassments pointed out by the court in that case. Yet if the pleader chooses to encounter those hazards, he does not therefore incur the penalties of vicious pleading. The use of the individual name may be treated as surplusage. The demurrer must be overruled, with costs.

CARPENTER, and RANDOLPH, Justices, concurred.

Demurrer overruled.